Honorable Robert A. Young Missouri Senate, 24th District 3500 Adie Road St. Ann, Missouri 63074
Dear Senator Young:
This is in response to your request for an opinion on the following question:
 "Because of the restrictions set forth in Section 408.052(1), RSMo., 1969, in addition to a one (1) point origination fee, may a lender charge a borrower on residential real estate (other than a construction loan) for bona fide expenses paid by the lender to a third party who is a wholly-owned subsidiary of the lender, for services actually performed by such subsidiary in connection with the loan?"
In your opinion request you further point out:
 "Lenders throughout the State of Missouri have wholly-owned subsidiaries who are capable of rendering services such as appraisals and credit investigations in connection with real estate loans. There is confusion as to whether a lender may charge borrower for such services actually performed by the wholly-owned subsidiary and paid for by the lender."
With respect to residential real estate loans, Section408.052.1, RSMo 1975 Supp. provides in part:
 "No lender shall charge, require or receive, on any residential real estate loan, any points or other fees of any nature whatsoever, excepting a one percent origination fee, whether from the buyer or the seller or any other person, except that the lender may charge bona fide expenses paid by the lender to third parties for services actually performed in connection with a loan. . . ."
Our answer to your opinion request is based on the assumption that the subsidiary corporation is wholly owned and that the fees charged by the lender are for credit investigations and appraisals conducted by the subsidiary corporation. While this opinion is not limited to wholly-owned savings and loan service corporations, it is applicable to such corporations. The opinion is not applicable to corporations, including a savings and loan service corporation, which are not wholly owned by the lender.
We must determine whether wholly-owned subsidiaries are "third parties" as that term is used in Section 408.052.1. We find no authoritative definition of the term "third parties" which determines the question. To ascertain the meaning of the term "third parties" we must examine the purpose of the section and the changes the legislature intended to make by enacting that section. In so doing, we note the following:
1. Appraisals and credit investigations in connection with a residential real estate loan are primarily for the benefit of the lender rather than the borrower.
2. It is not an uncommon practice for the lender to make its own appraisal or credit investigation rather than engaging a third party to do the same.
3. Prior to the enactment of Section 408.052.1, RSMo 1975 Supp., some lenders when making residential real estate loans imposed fees for appraisals and credit investigations. It appears that the purpose of Section 408.052.1, RSMo 1975 Supp., is to prevent lenders from receiving such fees in addition to the interest charged on such loans.
4. Savings and loan associations, which are substantial residential real estate lenders in this state, are permitted to own stock in loan service corporations, Section 369.219, RSMo 1975 Supp. The activities in which a service corporation may engage are subject to regulation by the director of the Division of Savings and Loan Supervision. Such activities, for the most part, are closely associated with the normal business of the savings and loan associations. In particular, the director of the Division of Savings and Loan by Regulation No. Fifty-75 (a)(4)(iii)(a) permits service corporations to perform services, primarily for savings and loan associations, including providing credit information and appraisals.
Absent compelling circumstances, the courts of this state will give effect to the separate identity of a subsidiary corporation not withstanding the fact that it is entirely owned by its parent. See, i.e., State v. Shell Pipeline Corporation,139 S.W.2d 510 (Mo. 1940). However, courts will disregard a distinct corporate existence where a corporation is organized and controlled and its affairs are conducted in such a fashion to make it an instrumentality or adjunct of another corporation. The courts of the state will do so in order to defeat wrong or injustice where the rights of third persons are concerned.Osler v. Joplin Life Insurance Co., 164 S.W.2d 295, 298 (Mo. 1942).
In May Department Stores Co. v. Union Electric, Light Power Co., 107 S.W.2d 41 (Mo. 1937), the Supreme Court held that a public utility could not charge higher utility rates through the use of a subsidiary corporation than the utility could charge if the subsidiary did not exist. It noted that reason and precedent support the proposition that rate regulation cannot be avoided by the use of subsidiary corporations.
We find the rate regulation analogy appropriate. It would frustrate the intent of legislation which is intended to prohibit lenders from charging for credit investigations and appraisals in connection with residential real estate loans to permit such charges to be exacted through the use of wholly-owned subsidiaries. We hold that with respect to credit investigations and appraisals a wholly-owned subsidiary of the lender is not a third party as contemplated by Section 408.052.1, RSMo 1975 Supp., and that a lender may not charge the borrower for services performed by such corporation. In holding a wholly-owned subsidiary is not a third party for purposes of that section, we do not hold that a subsidiary cannot be treated as a separate entity for other purposes.
It is our view that Section 408.052.1, RSMo 1975 Supp., prohibits a lender from charging borrowers in connection with residential real estate loans for appraisals and credit investigations performed by a wholly-owned subsidiary of the lender.
Very truly yours,
 JOHN C. DANFORTH Attorney General